IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYREESE FALKNER, # M-50918, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-00254-NJR |
| | ) |
| DEBRA SCHAFER, | ) |
| IDOC FOOD SUPERVISOR @ PNK, | ) |
| and PINCKNEYVILLE CC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Tyreese Falkner, who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). In the complaint, he claims that Pinckneyville officials have served him a diet containing fish, despite his known fish allergy. (*Id*. at 4). As a result, Plaintiff has suffered from several serious allergic reactions after consuming the prison's food. Plaintiff also complains that he is routinely served fewer fries than other inmates at the prison. (*Id*). In connection with both claims, Plaintiff sues an unknown food supervisor at Pinckneyville, Pinckneyville Correctional Center, and Debra Schafer for monetary damages. (*Id*. at 5).

This is not the first time that Plaintiff has filed a lawsuit against Pinckneyville officials for serving him fish. On December 22, 2015, he filed a similar action in this District against Wexford Medical Sources, Doctor Vipen Shah, Food Administrator Suzann Bailey, and an unknown food supervisor. *See Falkner v. Shah*, Case No. 15-cv-01399-NJR-DGW (S.D. Ill. 2015) ("original action"). The Court dismissed Plaintiff's claims against the unknown food

supervisor without prejudice at screening, because no allegations in the complaint suggested that this defendant was personally involved in conduct that violated Plaintiff's constitutional rights. Plaintiff could have filed an amended complaint in the original action, in which he more fully developed his claims against this defendant, but he chose not to do so.

Instead, on February 29, 2016, Plaintiff filed a new lawsuit against the unknown food supervisor at Pinckneyville, Pinckneyville Correctional Center, and Debra Schafer in the United States District Court for the Northern District of Illinois. *See Falkner v. Schafer, et al*., Case No. 16-cv-02705 (N.D. Ill. 2016). All of the events giving rise to the action occurred at Pinckneyville, which is located in this federal judicial district. The Northern District transferred the case to this District on March 10, 2016. (*see* Doc. 5, instant action).

This matter is now before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

### The Complaint

In the complaint, Plaintiff challenges the decision of Pinckneyville officials to serve him fish and deny him fries. The allegations offered in support of these claims are set forth below, in their entirety:

> Count 1. I am suing all food services at PNK be[cause] they keep serving me fish and they know I am allergic to fish. Since they always give me fish, I keep having side effects. My throat is hurt, my face swells up, and my neck swells.

      Count 2.      Even though I have documents which supports my allegations in complaint.

      Count 3.      This prison only gives me a few french fries and gives others a lot.

(*Id*.). Plaintiff requests $1 billion in compensatory damages. (*Id*. at 5).

## Merits Review Under 28 U.S.C. § 1915A

In accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* complaint into the following enumerated counts:

    **Count 1:**    **Eighth Amendment claim against Defendants for endangering Plaintiff's health by serving him a diet containing fish at Pinckneyville; and**

    **Count 2:**    **Discrimination claim against Defendants for serving Plaintiff fewer fries than his fellow inmates.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these claims does not constitute an opinion as to their merit.

## Discussion

Plaintiff lists the unknown food supervisor at Pinckneyville, Pinckneyville Correctional Center, and Debra Schafer as defendants in the caption of his complaint, however, the statement of claim mentions none of these defendants in connection with Plaintiff's claims. It is well-established that "[a] plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

In order to recover damages under § 1983, a plaintiff "must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). In other words, Plaintiff must briefly describe the conduct of each

defendant that violated his constitutional right(s). This is true, even if the defendant holds a supervisory position at the prison. The doctrine of *respondeat superior*, or supervisory liability, does not apply to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The allegations do not indicate how any particular defendant personally participated in the decision to serve Plaintiff fish, despite his known allergy, or to deny him fries. Both claims are therefore subject to dismissal.

Although **Count 1** shall be dismissed, Plaintiff will have an opportunity to re-plead this claim against the unknown food supervisor and Debra Schafer. In order to state a claim against these defendants under the Eighth Amendment, Plaintiff must establish that (1) he suffered from an objectively serious medical condition, and (2) state officials acted with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). Deliberate indifference occurs when the official "realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." *Perez v. Fenoglio*, 792 F.3d 768, 776-77 (7th Cir. 2015) (citing *Farmer*, 511 U.S. at 837). Although the allegations in the complaint mention no conduct on the part of these defendants that rises to the level of deliberate indifference, Plaintiff may be able to satisfy this standard by including allegations in an amended complaint that describe each defendant's involvement in the decision to serve him fish despite knowledge of his fish allergy.

Plaintiff cannot bring a claim for money damages against the prison itself, however. Pinckneyville is a division of the Illinois Department of Corrections, which is a state government agency. The Eleventh Amendment bars suits against states in federal court for monetary damages. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *Billman v. Ind. Dep't of*

*Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Because the prison is not a "person" within the meaning of the Civil Rights Act, this defendant is not subject to a § 1983 suit for money damages, and Pinckneyville shall be dismissed with prejudice.

Plaintiff's discrimination claim in **Count 2** is purely frivolous. A frivolous claim is one that is "baseless and made without a reasonable and competent inquiry." *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998) (citation omitted). In the complaint, Plaintiff baldly asserts that he has been served fewer fries than other inmates. He offers no other allegations in support of this claim or a legal basis for it.[1] The claim lacks a factual foundation, is legally unreasonable, and is utterly meritless. *Id*. Count 2 shall be dismissed with prejudice.

In summary, the complaint shall be dismissed because it fails to state a claim upon which relief may be granted. The dismissal is without prejudice, however, and Plaintiff will be given another opportunity to articulate his Eighth Amendment claim in Count 1 against the unknown food supervisor and Debra Schafer by filing an amended complaint according to the deadline and instructions set forth in the below disposition.

---

[1] Plaintiff would have fared no better if he had brought this claim under the Fourteenth Amendment's Equal Protection Clause, which protects individuals from governmental discrimination. Typically, such claims involve discrimination based on race, national origin, or sex. The Clause also forbids the singling out of a person for different treatment for no rational reason. *Swanson v. City of Chetek*, 719 F.3d 780, 783 (7th Cir. 2013). Class-of-one claims can arise from irrational or malicious application of law enforcement powers. *See, e.g., Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012). If these claims are not properly defined, however, "they might turn ordinary and inevitable mistakes by government officials into constitutional violations and federal lawsuits." *Johnson v. Passehl*, No. 13 C 4121, 2014 WL 2511089, at *3 (N.D. Ill. June 2, 2014). In bringing this claim, Plaintiff asks this Court to do just that—convert an ordinary mistake or oversight by a prison official into a claim of constitutional magnitude. The Court declines to do so.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED with prejudice** because this claim is frivolous, and Defendant **PINCKNEYVILLE CORRECTIONAL CENTER** is **DISMISSED** with prejudice because the state prison is not subject to a suit for money damages under 42 U.S.C. § 1983.

**IT IS ALSO ORDERED** that the Eighth Amendment claim in **COUNT 1** is **DISMISSED** without prejudice against Defendants **UNKNOWN FOOD SUPERVISOR** and **DEBRA SCHAFER**. Plaintiff is **GRANTED** leave to re-plead this claim by filing an amended complaint **on or before May 11, 2016.** Should Plaintiff fail to file his first amended complaint within the allotted time, dismissal will become with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, a "strike" may be assessed. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should be careful to label the pleading, "First Amended Complaint." Plaintiff must specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned,

and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that *this* dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the first amended complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the first amended complaint. Finally, the amended complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00[2] remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

---

[2] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted *in forma pauperis* status, however, is exempt from paying the additional $50.00 fee.

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 6, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**